IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

       Plaintiff,              No. CIV S-04-0741 DFL DAD P

   vs.

R. ROWLETT,

       Defendant.       <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with this action.  Plaintiff has filed a renewed motion for leave to file a first amended complaint.  Also before the court are various requests and other documents filed by plaintiff.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND

      In his original complaint filed April 14, 2004, plaintiff alleges that defendant Rowlett assaulted him on January 21, 2003, by grabbing plaintiff's throat and violently rubbing his hand across plaintiff's face.  Plaintiff asserts four claims grounded on this incident:  (1) cruel and unusual punishment; (2) violation of plaintiff's exercise of religious freedom; (3) violation of plaintiff's personal security interest; (4) deliberate indifference to a serious medical condition and discrimination in violation of the Americans With Disabilities Act.  Plaintiff seeks damages as well as declaratory and injunctive relief.

1

1   After defendant Rowlett was served with plaintiff's complaint and filed an

2   answer, plaintiff moved for leave to file a first amended complaint.  Plaintiff subsequently

3   submitted a second amended complaint.  The court denied plaintiff's motion to file the proposed

4   first amended complaint, disregarded the proposed second amended complaint, and granted

5   plaintiff thirty days to file a new motion for leave to amend with a proposed first amended

6   complaint.  The court cautioned plaintiff that his proposed first amended complaint should

7   present only claims for which administrative remedies were exhausted prior to April 10, 2004,

8   the date on which plaintiff commenced this action by placing his original complaint in the mail.

9   See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731 (2001).

10  I.  Plaintiff's Proposed Amended Complaint

11   Plaintiff seeks to add to this action the California Department of Corrections,

12  twelve named individuals, and fifty fictitious defendants.  Plaintiff asserts six claims for relief in

13  his proposed first amended complaint:  (1) the sixty three new defendants acted in concert and in

14  collusion with defendant Rowlett to subject plaintiff to cruel and unusual punishment; (2)

15  defendant Rowlett violated plaintiff's religious freedom; (3) five of the new defendants failed to

16  train and supervise defendant Rowlett adequately and joined with defendant Rowlett in violating

17  plaintiff's personal security interests; (4) defendant Rowlett and seven of the new defendants

18  acted with deliberate indifference to plaintiff's serious medical needs on January 21, 2003; (5) all

19  sixty four defendants conspired and retaliated against plaintiff for filing a grievance against

20  defendant Rowlett, in violation of plaintiff's rights under the Eighth Amendment; and (6)

21  defendant Rowlett committed assault and battery in violation of state law.  The specific facts

22  alleged against the sixty three new defendants concern events that occurred after the January 21,

23  2003 incident.  Although plaintiff alleges that he exhausted all of his claims on May 24, 2004, it

24  appears that he intends to allege that he exhausted his claims on May 24, 2003.  (Compare

25  Proposed Am. Compl. ¶56 with Ex. J, Letter dated May 24, 2003, from N. Grannis, Chief Inmate

26  Appeals Branch, to plaintiff regarding exhaustion of administrative remedy.)

II.  Defendant's Opposition and Plaintiff's Reply

Defendant Rowlett opposes plaintiff's motion to amend on the grounds of futility and delay.  Defendant contends that amendment is futile for two reasons:  (1) the proposed amended complaint fails to allege the elements of a conspiracy claim and (2) plaintiff did not exhaust his proposed new claims of retaliation and conspiracy against the individual defendants, who investigated and responded to plaintiff's administrative grievances.  Defendant cites the fact that the inmate appeals submitted by plaintiff as evidence of exhaustion contain no reference to retaliation or to a conspiracy to violate plaintiff's rights.  Defendant asserts that plaintiff's inmate appeals do not mention any of the proposed new defendants except defendant Elias and the reference to defendant Elias, who conducted the hearing on plaintiff's disciplinary charge, concerns a due process issue rather than retaliation or conspiracy.  Defendant's contention regarding undue delay is based on the argument that plaintiff could have named all of the proposed new defendants in the original complaint filed in April 2004 if in fact plaintiff exhausted his claims against those defendants in May 2003.

In reply, plaintiff asserts that defendant's opposition was filed four days late and must be rejected as untimely as a sanction for violating Local Rule 78-230(m).  Plaintiff also argues that defendant cannot raise the issue of exhaustion in the context of a Rule 15 motion because exhaustion must be contested in a Rule 12(b) motion.  On the merits, plaintiff contends that he exhausted his retaliation and conspiracy claims and has moved to amend merely to conform his pleading to his evidence.  Plaintiff asserts that all of the new defendants acted in concert to find plaintiff guilty of bogus disciplinary charges and that the actions they took on his inmate appeals served to exhaust his retaliation and conspiracy claims.

III.  Analysis

If plaintiff's motion was placed in the mail on November 16, 2004, as reflected by plaintiff's proof of service, defendant's opposition was due on December 7, 2004, i.e., eighteen days, plus three for mailing, after November 16, 2004.  The opposition was filed on December

3

1   10, 2004.  While Local Rule 78-230(m) provides that a party's failure to file opposition to a
2   motion may be deemed a waiver of any opposition to the granting of the motion and may result
3   in the imposition of sanctions, the rule contains no provision with regard to the filing of untimely
4   opposition.  In the absence of any prejudice to plaintiff, who filed a timely reply to defendant's
5   opposition, the court will not impose sanctions for filing the opposition three days late.  Counsel
6   is reminded, however, that the mailbox rule must be taken into consideration when responding to
7   plaintiff's motions.

8          Under the Federal Rules of Civil Procedure, a party may amend his or her
9   pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R.
10  Civ. P. 15(a).  Further amendment may be made only "by leave of court or by written consent of
11  the adverse party."  Id.  Leave to amend "shall be freely given when justice so requires."  Id.  See
12  also DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

13         "Valid reasons for denying leave to amend include undue delay, bad faith,
14  prejudice, and futility."  California Architectural Bldg. Prods. v. Franciscan Ceramics, 818 F.2d
15  1466, 1472 (9th Cir. 1987).  In determining whether to grant leave to amend, prejudice to the
16  opposing party may be the most important factor to be considered by the court.  Jackson v. Bank
17  of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing Zenith Radio Corp. v. Hazeltine
18  Research, 401 U.S. 321, 330-331 (1971)); M/V American Queen v. San Diego Marine Constr.
19  Corp., 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming district court's denial of motion for leave
20  to amend after finding undue delay and prejudice to defendants).  Undue delay and prejudice to
21  the opposing party may be found where the plaintiff has waited until an advanced stage of the
22  litigation to seek leave to add new causes of action that are tenuous at best and would require
23  new discovery after extensive discovery has taken place.  Lockheed Martin Corp. v. Network
24  Solutions, Inc., 175 F.R.D. 640, 643-46 (C.D. Cal. 1997).  Prejudice to non-parties may also be
25  relevant to the decision whether to grant or deny leave to amend.  Jackson, 902 F.2d at 1388 n.3.
26  /////

4

1    In the present case, the court finds that the allegations of the proposed first
2    amended complaint fail to support the claims that all sixty-three new defendants acted in concert
3    and in collusion with defendant Rowlett to subject plaintiff to cruel and unusual punishment on
4    January 21, 2003; that five of the new defendants failed to train and supervise defendant Rowlett
5    adequately and thereby joined with defendant Rowlett in violating plaintiff's personal security
6    interests on January 21, 2003; and that seven of the new defendants acted with deliberate
7    indifference to plaintiff's serious medical needs on January 21, 2003.  These claims are factually
8    frivolous and fail to state claims upon which relief may be granted.

9    The court finds that the allegations of the proposed first amended complaint fail to
10   state cognizable retaliation claims.  When a state actor retaliates against a prisoner for exercising
11   a constitutional right, the retaliatory act may be actionable under § 1983 even if the act would
12   have been proper if taken for different reasons.  Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S.
13   274, 283-84 (1977).  To state a cognizable claim of retaliation, a plaintiff must allege facts
14   showing that he was retaliated against for exercising a constitutional right and retaliation was a
15   substantial or motivating factor for each defendant's retaliatory acts.  429 U.S. at 285-87.  See
16   also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir. 1989).  A prisoner must
17   also allege facts showing that each defendant's retaliatory acts did not advance legitimate
18   penological goals, such as preserving institutional order and discipline.  Pratt v. Rowland, 65
19   F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v.
20   Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  Plaintiff's proposed first amended complaint fails to
21   identify the retaliatory acts of each defendant, fails to allege facts showing that retaliation was a
22   substantial or motivating factor for each defendant's actions, and fails to allege facts showing
23   that each defendant's actions did not advance legitimate penological goals.  Plaintiff has not
24   stated a cognizable claim of retaliation against any defendant.

25   The court finds that the allegations of the proposed first amended complaint fail to
26   state cognizable conspiracy claims.  Section 1985 of the Civil Rights Act "proscribes conspiracies

1   to interfere with civil rights." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1039 (9th Cir. 1991)

2   (en banc).  The statute provides that

3           [i]f two or more persons in any State or Territory conspire . . . , for
            the purpose of depriving, either directly or indirectly, any person or
4           class of persons of the equal protection of the laws, or of equal
            privileges and immunities under the laws   . . . whereby another is
5           injured in his person or property, or deprived of having and
            exercising any right or privilege of a citizen of the United States,
6           the party so injured or deprived may have an action for the
            recovery of damages occasioned by such injury or deprivation,
7           against any one or more of the conspirators.

8   42 U.S.C. § 1985(3).  A conspiracy claim must be based on allegations of facts that establish the

9   existence of a conspiracy.  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971).  "A mere

10  allegation of conspiracy without factual specificity is insufficient to support a claim."  <u>Sanchez</u>,

11  936 F.2d at 1039.  In addition, in order to proceed under § 1985, a plaintiff must allege facts

12  showing that "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus

13  [lay] behind the conspirators' action.'"  <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S.

14  263, 267-68 (1993) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).  <u>See also</u> <u>Kush v.</u>

15  <u>Rutledge</u>, 460 U.S. 719, 720, 722-23 (1983); <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1028-29 (9th Cir.

16  1985) (en banc).  Plaintiff's proposed first amended complaint fails to allege facts that support

17  the existence of a conspiracy involving any of the defendants and also fails to allege facts that

18  support the existence of an invidiously discriminatory animus.  Plaintiff's conspiracy claims are

19  factually frivolous.

20          The court finds that it would be futile to grant plaintiff leave to further amend his

21  pleading to cure the defects of his retaliation and conspiracy claims because plaintiff did not

22  exhaust such claims prior to commencing this action.  An administrative grievance satisfies the

23  PLRA exhaustion requirement "if it alerts the prison to the nature of the wrong for which redress

24  is sought."  <u>Strong v. David</u>, 297 F.3d 646, 650 (7th Cir. 2002).  The inmate appeals attached to

25  plaintiff's proposed amended complaint reveal that plaintiff did not file inmate appeals in which

26  he alerted prison officials that he was seeking redress for retaliation and conspiracy.  In inmate

6

appeal Log No. 03-312, plaintiff challenged the rule violation report issued by defendant Rowlett

and heard by Sergeant Elias.  Plaintiff stated that Sergeant Elias disregarded plaintiff's evidence

and by doing so acted with deliberate indifference to plaintiff's serious medical needs and

discriminated against plaintiff's religious beliefs.  Plaintiff requested that the disciplinary

conviction be reversed, that Sergeants Rowlett and Elias be required to pay damages, and that

both officers be reprimanded.  The chief disciplinary officer's approval of Sergeant Elias'

decision constituted plaintiff's first level of appeal.  At the second level, the appeal was partially

granted on findings that the hearing officer should not have imposed a loss of canteen privileges

and that plaintiff's allegation of staff misconduct was being addressed in plaintiff's earlier

appeal, Log No. 03-0252.  In his request for third level review, plaintiff asserted that his

allegations of misconduct by Rowlett and Elias had not been addressed at the second level in

order to "'conceal' and 'shield' Elias and Rowlett from employee disciplinary action for

misconduct."  While this assertion could be viewed as implying a conspiracy, the second level of

review was the final level of review available on plaintiff's rule violation, which had been

classified as administrative.  Plaintiff did not submit a new appeal alleging retaliation and

conspiracy.  Plaintiff's earlier appeal, Log No. 03-252, was limited at every level to the alleged

misconduct of defendant Rowlett and did not allege retaliation or conspiracy.  (Pl.'s Mot. to

Amend, Proposed First Am. Compl., Exs. C, J & K.)

    Finally, the court finds undue delay in presenting any exhausted claims against

Sergeant Elias.  On January 30, 2003, Sergeant Elias found plaintiff guilty of the charge of

wearing a goatee in excess of the 1/4-inch maximum permissible length.  Adjudication of the

charge was complete on April 24, 2003, and plaintiff was notified on May 24, 2003, that no

further appeal was available due to the administrative nature of the rule violation.  Although

plaintiff argues that he was unable to allege claims against any individual other than defendant

Rowlett when he filed this action because he was not able to access his 22 boxes of legal

documents, plaintiff has not demonstrated that he sought and was denied all access to his legal

1   property between May 24, 2003, and April 10, 2004.  Plaintiff has not demonstrated that he was

2   unable to recall or ascertain the name of the hearing officer and has not explained why he did not

3   sue the officer by title or a fictitious name.

4          For all of the reasons set forth above, plaintiff's motion for leave to file a first

5   amended complaint will be denied.  This action will now proceed on the complaint filed April

6   14, 2004.

7                                          OTHER MATTERS

8          On November 15, 2004, plaintiff submitted a copy of a one-page letter addressed

9   to defendant's counsel.  On December 26, 2004, plaintiff submitted a copy of a two-page letter

10  addressed to defendant's counsel.  The latter, labeled "Confidential Legal Communication," is

11  accompanied by 253 pages of attachments.  These filings were not submitted to the court in

12  accordance with any applicable rule or order and were not offered in support of or in opposition

13  to a properly filed motion.  These documents have not been submitted for a proper purpose and

14  will be disregarded by the court.

15         Between February 10, 2005, and May 2, 2005, plaintiff submitted four requests

16  for court orders concerning his housing and medical care.  On February 17, 2005, plaintiff

17  notified the court of his transfer from California Medical Facility to Salinas Valley State Prison.

18  Plaintiff is referred to Local Rule 65-231, which describes the requirements for filing a request

19  for injunctive relief.  Such a request must be served on all affected parties, must include a brief

20  on the legal issues presented by the request, and must be supported by one or more affidavits

21  demonstrating the existence of irreparable injury if the request is not granted.  As a general rule,

22  the court cannot issue orders against individuals who are not parties to the suit pending before the

23  court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  In the

24  present case, the sole defendant is Sergeant Rowlett.  Plaintiff has not demonstrated that

25  defendant Rowlett has authority over plaintiff's housing and medical care.  If plaintiff is not

26  receiving adequate medical care at his present institution, he must exhaust administrative

                                              8

1   remedies concerning such care and then, if necessary, pursue litigation in the appropriate court.

2   Plaintiff's requests for orders will be denied without prejudice for failure to comply with the

3   requirements of Local Rule 65-231.

4           On September 14, 2005, plaintiff submitted a letter addressed to the district judge

5   assigned to this case.  The letter concerns plaintiff's inability to obtain the desired number of

6   copies of an attached letter and exhibits.  The attached letter, which is addressed to the

7   undersigned, is titled "Re: Request for Referral of Criminal Prosecution."  This filing was not

8   submitted to the court pursuant to any rule or statute and was not offered in support of or in

9   opposition to a properly filed motion.  Every request for court action must be presented in a

10  properly filed and served motion.  See Fed. R. Civ. P. 5 & 7(b)(1); Local Rules 5-135 & 78-230.

11  Plaintiff's letter is not a properly filed motion, and the request for court action will be denied.[1]

12          In the course of addressing plaintiff's filings, the court finds that plaintiff has filed

13  a significant number of unnecessary documents and exhibits.  In addition to copies of his

14  correspondence, plaintiff has submitted numerous copies of documents previously filed in this

15  action.  For example, plaintiff's reply to defendant's opposition to the motion to amend includes

16  voluminous exhibits composed of a copy of Local Rule 78-230 and copies of plaintiff's original

17  complaint and defendant's answer, virtually every order filed in this action, plaintiff's motion to

18  amend, and defendant's opposition to the motion.  The filing of such documents is burdensome

19  on the court.  In the future, plaintiff shall not submit as an exhibit a copy of any document

20  previously filed by any party in this action, a copy of any order filed in this action, or a copy of

21  any rule, statute, or published legal decision.  Such documents may, of course, be cited but may

22  not be offered as exhibits.  Nor may plaintiff file copies of correspondence.  If plaintiff wishes to

23

24          [1] Any renewed request concerning defendant's allegedly false answer to an interrogatory
    must be supported by evidence that defendant Ronald Rowlett, Control Sergeant, is the person
25  sued as Lieutenant Rowlette in Dannenberg v. Valadez, et al., case No. CIV S-96-0027 JFM P.
    Lieutenant Rowlette was dismissed from that case with prejudice on the plaintiff's own motion
26  on the fourth day of trial.  (See docket entries #22, 25, 38 & 133.)

file a copy of a letter, he must first obtain permission from the court by filing a request in which

he identifies the letter, specifies the total number of pages, and explains why the court should

consider the letter.  A request for leave to file a letter may not include a copy of the letter.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The copies of correspondence submitted by plaintiff on November 15, 2004,

and December 26, 2004, will be disregarded;

2.  Plaintiff's November 18, 2004 motion to file a first amended complaint is

denied, and the proposed first amended complaint will not be filed;

3.  Plaintiff's December 22, 2004 request for leave to file a reply to opposition is

denied as unnecessary;

4.  Plaintiff's requests filed February 10, 2005; February 17, 2005; March 25,

2005; and May 2, 2005, are denied without prejudice;

5.  Plaintiff's September 14, 2005 request for criminal prosecution is denied

without prejudice; and

6.  Plaintiff shall not submit for filing a copy of any correspondence, absent leave

of court, and shall not submit as an exhibit a copy of any document previously filed by a party in

this action, a copy of a court order filed in this action, or a copy of any rule, statute, or published

legal decision; appropriate sanctions will be imposed for any failure to comply with this order.

DATED: November 2, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
jack0741.am2

10