IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

    Plaintiff,  No. CIV S-04-0741 DFL DAD P

    vs.

R. ROWLETT,

    Defendant.  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action against a single defendant. Pursuant to the court's February 3, 2006 scheduling order, discovery closed on May 26, 2006, and the time for filing pretrial motions expired on July 28, 2006. The case was set for pretrial conference on December 22, 2006, and jury trial is set for March 12, 2007.

        In this order, the following matters are addressed: plaintiff's April 25, 2006 motion to compel discovery and for sanctions; defendant's July 27, 2006 request to vacate scheduling order; plaintiff's December 1, 2006 request for extension of time to file a pretrial statement; plaintiff's December 20, 2006 request for second extension of time to file a pretrial statement; and plaintiff's January 5, 2007 pretrial statement and motion for attendance of an incarcerated witness at trial.

/////

1

## SCHEDULING ISSUES

This matter will not be ready for trial on March 12, 2007. The sole defendant in this action is deceased, and no substitution has been made.

Good cause appearing, the court will vacate the pretrial motion deadline, the due dates for pretrial statements, and the dates set for pretrial conference and trial. The order remains in effect in all other regards. Plaintiff's requests for extensions to time to file a pretrial statement will be denied as moot, the pretrial statement filed on January 5, 2007, will be disregarded, and the motion for attendance of an incarcerated witness at trial will be denied as premature.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

In a motion filed pursuant to the mailbox rule on April 20, 2006, plaintiff seeks to compel discovery. The motion is grounded on defendant's refusal to respond to plaintiff's first request for production of documents and third request for admission served February 23, 2006. Defendant's counsel advised plaintiff by letter dated March 27, 2006, that no responses were due because the requests were not served far enough in advance of the discovery cutoff date. Plaintiff asserts that defendant is in error because the requests were served more than 60 days prior to May 26, 2006, in compliance with the scheduling order. Plaintiff seeks sanctions.

Defendant's counsel, having realized his calendaring error upon receipt of plaintiff's correspondence, prepared responses to both of the discovery requests and served the responses on April 19, 2006. On the same date, counsel filed a statement of non-opposition to the motion to compel that was placed in the mail the next day. In reply, plaintiff argues that his motion is not moot because defendants' responses are inadequate.

Plaintiff's motion challenges defendant's complete failure to serve responses to timely discovery requests. Defendant's responses were served before the motion was filed. The alleged inadequacy of the responses could be asserted only in a new discovery motion, which plaintiff still had time to file because discovery was not yet closed. The undersigned will deny plaintiff's motion to compel as moot. Sanctions are not warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's correspondence filed February 10, 2006 (#41) will be disregarded for the reasons set forth in the court's November 3, 2005 order;

2. Plaintiff's April 25, 2006 motion to compel discovery and for sanctions (#43) is denied;

3. Plaintiff's ex parte correspondence improperly sent to chambers and received on May 24, 2006, has been discarded; plaintiff is cautioned that sanctions will be imposed for sending further correspondence directly to chambers in violation of Local Rule 5-133(d)(1);

4. Plaintiff's May 4, 2006 motion for leave to file a late reply to defendants' statement of non-opposition (#44) is granted;

5. The following dates set by the court's February 3, 2006 scheduling order are vacated: the July 28, 2006 pretrial motion deadline; the December 1, 2006, and December 15, 2006 due dates for the parties' pretrial statements; pretrial conference set for December 22, 2006; and jury trial set for March 12, 2007;

6. Plaintiff's December 1, 2006 request for extension of time to file a pretrial statement (#50) is denied as moot;

7. Plaintiff's December 20, 2006 request for second extension of time to file a pretrial statement (#51) is denied as moot; and

8. Plaintiff's January 5, 2007 pretrial statement (#52) will be disregarded, and the accompanying motion for attendance of an incarcerated witness at trial (#53) is denied as premature.

DATED: January 30, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
jack0741.mtc+

3