IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

    Plaintiff,    No. CIV S-04-0741 DFL DAD P

    vs.

R. ROWLETT,

    Defendant.    ORDER

_____/

    A notice of suggestion of death of defendant Rowlett was filed in this action on May 11, 2006, with a copy of a memorandum dated February 7, 2006, in which M. Veal, Acting Warden of California Medical Facility, states that Correctional Lieutenant Ronald Rowlett died on February 5, 2006. Defendant's attorney states on information and belief that defendant Rowlett's successor or representative is unknown to him.

    On May 26, 2006, plaintiff filed but did not serve opposition to defendant's notice. Plaintiff asserts that the notice is insufficient and cites Young v. Patrice, 832 F. Supp. 721 (S.D.N.Y. 1993). In opposition to counsel's subsequent request to vacate the scheduling order, plaintiff argues that the notice is insufficient because it does not identify the defendant's representative or successor. Plaintiff contends that a valid suggestion of death must identify the representative or successor who may be substituted as a party.

The applicable portion of Rule 25 provides as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the **death is suggested upon the record by service of a statement of the fact of the death** as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1) (emphasis added). Rule 25's sole requirement concerning the content of a suggestion of death on the record is that it must contain "a statement of the fact of the death."

Young v. Patrice, the out-of circuit district court case relied upon by plaintiff, is not binding on this court, and its holding has not been an accurate representation of the law of the Second Circuit since 1998:

> For some time courts in this jurisdiction [the Southern District of New York] held that to constitute a valid suggestion of death under Rule 25(a), thereby allowing the suggesting party to invoke the 90 day time limit against their adversary, the suggesting party must provide the identity of the substituting representative or successor. See Young v. Patrice, 832 F. Supp. 721, 725 (S.D.N.Y. 1993) ("the statement must be filed and served according to Rule 25, which most courts, including this one, have interpreted to require at least the naming of the executors of the decedent's estate"); Kaldawy v. Gold Service Movers, Inc., 129 F.R.D. 475 (S.D.N.Y. 1990); Gronowicz v. Leonard, 109 F.R.D. 624, 627 (S.D.N.Y. 1986). Recently, however, in Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469 (2d Cir. 1998), the Second Circuit held that Rule 25(a) "does not require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties." This holding of the Second Circuit unequivocally announces the de minimis standard to which suggesting parties are held, and the standard by which this Court is governed.

Pastorello v. City of New York, No. 95 CIV. 470 (CSH), 2000 WL 1538518, at *2 (S.D.N.Y. Oct. 18, 2000).

/////

1       In Barlow v. Ground, the Ninth Circuit determined that,

2     [a]lthough Rule 25(a)(1) could be clearer, a careful reading of the
rule coupled with an understanding of its function leads to the
3     conclusion that the rule requires two affirmative steps in order to
trigger the running of the 90 day period.  First, a party must
4     formally suggest the death of the party upon the record.  Second,
the suggesting party must serve other parties and nonparty
5     successors or representatives of the deceased with a suggestion of
death in the same manner as required for service of the motion to
6     substitute.

7 Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994) (citations omitted).  After observing that

8 Rule 25 was designed to inform all interested persons of a party's death so that they may take

9 appropriate action, the court ruled that "the 90 day period provided by Rule 25(a)(1) will not be

10 triggered against [the decedent's] estate until the appropriate representative of the estate is served

11 a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4." Id. at 233-

12 34.  See also Grandbouche v. Lovell, 913 F.2d 835, 827 (10th Cir. 1990) (per curiam); Fariss v.

13 Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985).

14       In the Barlow case, the defendants who filed a suggestion of the plaintiff's death

15 on the record knew the identity of the executor of the deceased plaintiff's estate but served the

16 suggestion of death by first class mail on the attorney who had represented the plaintiff.  Because

17 the defendants knew the name and address of the nonparty who should have been served

18 pursuant to Fed. R. Civ. P. 4, the Ninth Circuit did not reach the question of whether a suggestion

19 of death must be served on a nonparty successor or representative of the estate when the

20 appropriate person cannot be ascertained at the time the suggestion is filed.  39 F.3d at 234.

21       District courts have not required the person suggesting a party's death on the

22 record to serve the suggestion simultaneously on all parties and nonparty successors and

23 representatives.  See Sanders v. Neubarth, No. 1:05-cv-00076 AWI SMS P, 2006 WL 3780873

24 (E.D. Cal. Dec. 21, 2006) (recommending dismissal of the action where defendants filed a

25 statement of fact of plaintiff's death on the record, the court ordered that ninety-day substitution

26 period was not triggered by the defendants' notice due to lack of declaration of service or other

proof reflecting proper service on nonparty successors or representatives of plaintiff, the defendants subsequently filed a proof of service stating that the plaintiff's wife was personally served with the statement of fact of plaintiff's death, and no motion for substitution was filed within 90 days after personal service of the statement); United States of America v. Approximately $14,173.00 in U.S. Currency, No. CV S 04 1495 WBS GGH, 2006 WL 448100, at *2 (E.D. Cal. Feb. 21, 2006) (granting the plaintiff's motion to dismiss a deceased claimant after the plaintiff suggested the claimant's death on the record on June 1, 2005, served all claimants and parties by electronic service on their attorneys, failed to locate a formally appointed successor or representative of the deceased claimant's estate, effected personal service on the deceased claimant's spouse on June 30, 2005, and served all nonparty successors and representatives by publication completed on September 1, 2005).

When the notice of suggestion of death of defendant Rowlett was filed in this case on May 11, 2006, a successor or representative was unknown to defendant's counsel. More than eight months have passed. Defendant's counsel will be directed to investigate the status of defendant Rowlett's estate. If counsel is able to obtain from his client's employer the name and address of the representative of defendant Rowlett's estate, counsel shall serve the notice of suggestion of death on the representative and file a proof of service reflecting the name and address of the person served. If counsel is unable to obtain information about a successor or representative, counsel shall file a declaration in which he describes the efforts made to comply with this order.

Plaintiff is advised that the filing of a proof of service of the suggestion of death of defendant Rowlett on a personal representative will trigger the running of the 90 day period during which plaintiff must file any motion for substitution. However, plaintiff should file a motion for substitution without delay if he discovers the name and address of defendant Rowlett's representative through other means. It is within the court's sound discretion to deny a motion to substitute made long after the party's death or after the settlement and distribution of

the deceased defendant's estate has been completed or is far advanced. See Fed. R. Civ. P. 25 advisory committee notes, 1963 Amendment (stating that a party who wants to effect a substitution under Rule 25 "should not assume that he can rest indefinitely awaiting the suggestion of death before he makes his motion to substitute").

Accordingly, IT IS ORDERED that:

1. Defendant's counsel shall make a reasonable investigation into the status of defendant Rowlett's estate and, if a representative of the estate is discovered, shall serve the suggestion of death of defendant Rowlett in accordance with Rules 4 and 25 on the representative; and

2. Within sixty days after this order is signed, defendant's counsel shall file either a proof of service reflecting proper service of the suggestion of death on the representative of defendant Rowlett's estate or, if counsel is unable to effect such service, a declaration concerning his efforts to comply with this order.

DATED: January 30, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
jack0741.sod