IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

    Plaintiff,                      No. CIV S-04-0741 RRB DAD P

    vs.

R. ROWLETT,

    Defendant.                  <u>ORDER</u>

_____/

       On May 11, 2006, defense counsel, John W. Riches II, filed a notice of suggestion of death of defendant Rowlett together with a copy of a memorandum dated February 7, 2006, in which M. Veal, Acting Warden of the California Medical Facility, states that Correctional Lieutenant Ronald Rowlett died on February 5, 2006. On January 31, 2007, this court ordered defense counsel to make a reasonable investigation into the status of defendant Rowlett's estate and, if a representative of the estate was discovered, serve the suggestion of death of defendant Rowlett in accordance with Rules 4 and 25 of the Federal Rules of Civil Procedure on the representative. The court also ordered defense counsel to file either a proof of service reflecting proper service of the suggestion of death on the representative of defendant Rowlett's estate or, if counsel was unable to effect such service, a declaration concerning his efforts to comply with the court's order.

1  On March 1, 2007, plaintiff filed a motion for substitution pursuant to Rule
2  25(a)(1) of the Federal Rules of Civil Procedure. Plaintiff moved to name the executors or
3  representatives of defendant's estate as a party to this action. In connection with that motion,
4  plaintiff declared that defendant Rowlett's wife was the legal representative of defendant
5  Rowlett's estate and that the California Department of Corrections and Rehabilitation was aware
6  of her full and correct legal name and address. Plaintiff requested that the court order the United
7  States Marshal to locate and serve his motion and the suggestion of death on defendant Rowlett's
8  wife and substitute her as defendant in this action.
9  On April 3, 2007, defense counsel Riches filed a declaration in response to this
10 court's January 31, 2007 order. Therein, attorney Riches declares that he contacted the litigation
11 coordinator at the California Medical Facility and learned that defendant Rowlett's estate
12 representative was Mr. Matt Rowlett. Mr. Riches further declares that he was able to obtain Mr.
13 Matt Rowlett's telephone number, and after contacting him, Matt Rowlett confirmed that he was
14 the representative of defendant Rowlett's estate. However, Mr. Matt Rowlett refused to answer
15 any questions regarding whether the estate was still open or whether the estate had any assets. In
16 addition, according to attorney Riches, Mr. Matt Rowlett refused to provide him with a mailing
17 address. Attorney Riches declares that due to the lack of cooperation on Mr. Matt Rowlett's part,
18 he has been unable to serve the suggestion of death of defendant Rowlett in accordance with
19 Rules 4 and 25 of the Federal Rules of Civil Procedure.
20 On July 2, 2007, plaintiff filed an amended motion for substitution. Plaintiff
21 moved the court to order the United States Marshal to locate Mr. Matt Rowlett and serve his
22 amended motion and the notice of suggestion of death without further delay in accordance with
23 Rules 4 and 25 of the Federal Rules of Civil Procedure.
24 Under Rule 25 of the Federal Rules of Civil Procedure, if a party dies, the court
25 may order substitution of the proper legal representative. Fed. R. Civ. P. 25(a)(1). "A motion to
26 substitute . . . must be served on the parties as provided in Rule 5 and on nonparties as provided

in Rule 4.  A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3).  Notwithstanding defense counsel's efforts, Mr. Matt Rowlett's whereabouts are still unknown.  As a result, neither the suggestion of death of defendant Rowlett nor plaintiff's motion for substitution may be properly served.  Cf. Barlow v. Ground, 39 F.3d 231, 234 (9th Cir. 1994) (not reaching the question of whether a suggestion of death must be served on a nonparty successor or representative of the estate when the appropriate person cannot be ascertained at the time the suggestion is filed).

If plaintiff wishes to proceed with this action, he must provide additional information that will enable the United States Marshal to serve Mr. Matt Rowlett with the suggestion of death and plaintiff's motion for substitution.  Plaintiff shall promptly seek such information through any means available to him.  Within thirty days of the date of this order, plaintiff shall file a renewed motion for substitution and set forth any information he has discovered with respect to Mr. Matt Rowlett's whereabouts.  Failure to file a renewed motion in accordance with this order will result in a recommendation of dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 1, 2007 motion for substitution is denied as moot;

2. Plaintiff's July 2, 2007 motion for substitution is denied; and

3. Plaintiff is granted thirty days from the date of this order in which to file a renewed motion for substitution reflecting information concerning Mr. Matt Rowlett's whereabouts.  Failure to do so will result in a recommendation for dismissal of this action.

DATED: February 29, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jack0741.sod(2)

3