IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON, JR.,

      Plaintiff,                        No. CIV S-04-0741 JAM DAD P

      vs.

R. ROWLETT,

      Defendant.                  FINDINGS AND RECOMMENDATIONS

/

      On May 11, 2006, defense counsel, John W. Riches II, filed and served upon plaintiff a notice of suggestion of death of defendant Rowlett together with a copy of a memorandum dated February 7, 2006, in which M. Veal, Acting Warden of the California Medical Facility, states that Correctional Lieutenant Ronald Rowlett died on February 5, 2006. On January 31, 2007, this court ordered defense counsel to make a reasonable investigation into the status of defendant Rowlett's estate and, if a representative of the estate was discovered, serve the suggestion of death of defendant Rowlett in accordance with Rules 4 and 25 of the Federal Rules of Civil Procedure on that representative. The court also ordered defense counsel to file either a proof of service reflecting proper service of the suggestion of death on the representative of defendant Rowlett's estate or, if counsel was unable to effect such service, a declaration concerning his efforts to comply with the court's order.

1   On April 3, 2007, defense counsel filed a declaration in response to this court's
2 January 31, 2007 order. Therein, counsel declares that he contacted the litigation coordinator at
3 the California Medical Facility and learned that defendant Rowlett's estate representative was a
4 Mr. Matt Rowlett. Mr. Riches further declares that he was able to obtain Mr. Matt Rowlett's
5 telephone number, and after contacting him, Matt Rowlett confirmed that he was the
6 representative of defendant Rowlett's estate. However, Mr. Matt Rowlett refused to answer any
7 questions regarding whether the estate was still open or whether the estate had any assets. In
8 addition, according to counsel, Mr. Matt Rowlett refused to provide him with a mailing address.
9 Attorney Riches declares that due to this lack of cooperation on Mr. Matt Rowlett's part, counsel
10 has been unable to serve the suggestion of death of defendant Rowlett in accordance with Rules 4
11 and 25 of the Federal Rules of Civil Procedure.
12   Under Rule 25 of the Federal Rules of Civil Procedure, if a party dies, the court
13 may order substitution of the proper legal representative. Fed. R. Civ. P. 25(a)(1). "A motion to
14 substitute . . . must be served on the parties as provided in Rule 5 and on nonparties as provided
15 in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P.
16 25(a)(3). Notwithstanding defense counsel's efforts, Mr. Matt Rowlett's whereabouts are still
17 unknown. As a result, neither the suggestion of death of defendant Rowlett nor plaintiff's
18 renewed motion for substitution have been properly served upon the estate. Cf. Barlow v.
19 Ground, 39 F.3d 231, 234 (9th Cir. 1994) (not reaching the question of whether a suggestion of
20 death must be served on a nonparty successor or representative of the estate when the appropriate
21 person cannot be ascertained at the time the suggestion is filed).
22   On March 3, 2008, the court denied plaintiff's amended motion for substitution of
23 the proper party because it did not contain information that would enable the United States
24 Marshal to serve Mr. Matt Rowlett with the suggestion of death and plaintiff's amended motion
25 for substitution. At that time the court granted plaintiff thirty days to file a renewed motion for
26 substitution containing information concerning Mr. Matt Rowlett's whereabouts. The court

warned plaintiff that failure to comply with the order would result in a recommendation for dismissal of this action.

On March 24, 2008, plaintiff filed a renewed motion for substitution naming Mr. Matt Rowlett as defendant Rowlett's estate representative.  However, again, plaintiff has failed to provide the necessary information that would enable the United States Marshal to serve Mr. Matt Rowlett with the suggestion of death and plaintiff's renewed motion for substitution.

As one district court has recently observed:

> [I]f a defendant dies, the plaintiff must proceed against the deceased's estate. To proceed against an estate in a civil action, a plaintiff must somehow substitute the deceased's estate for the deceased. Rule 25 of the Federal Rules of Civil Procedure governs the substitution of parties in civil cases.

F.D.I.C. v. Cromwell Crossroads Assoc. Ltd. Partnership, 480 F. Supp.2d 516, 526 (D. Conn. 2007).  Rule 25 of the Federal Rules of Civil Procedure in turn provides as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, **shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4** for the service of a summons, and may be served in any judicial district.  Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(emphasis added).

Here, plaintiff has failed to take the necessary action to enable the United States Marshal to serve Mr. Matt Rowlett with the suggestion of death and plaintiff's renewed motion for substitution in the manner provided by Rule 4 of the Federal Rules of Civil Procedure despite being given the opportunity to do so.  The sole defendant named in this action was the decedent.  Accordingly, the court concludes that this action should be dismissed.

/////

Therefore, IT IS HEREBY ORDERED that plaintiff's March 24, 2008 renewed motion for substitution is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jack0741.57